IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICARDO ABEYTA, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No.  SA-14-CV-533-XR |
| § | |
| LIBERTY MUTUAL GROUP, INC., and § | |
| CLAUDIA PEREZ, § | |
| § | |
| *Defendants*. § | |

## ORDER

On this date, the Court considered Plaintiff's motion to remand. Doc. No. 7. After careful consideration, the motion is DENIED.

## BACKGROUND

On April 22, 2014, Plaintiff Ricardo Abeyta filed a state court petition in the 438th Judicial District of Bexar County, Texas. *See* Orig. Pet at Doc. No. 1, Ex. A. Plaintiff alleges that Defendants violated the Family and Medical Leave Act ("FMLA") codified at 29 U.S.C. § 2601 *et. seq. Id*. Plaintiff also asserts a state law cause of action for intentional infliction of emotional distress ("IIED"). *Id.*

On June 13, 2014, Defendant Liberty Mutual Group Inc., removed the case to this Court under 28 U.S.C. § 1441. Doc. No. 1. Defendant argues that this Court has original jurisdiction over Plaintiff's FMLA claim and supplemental jurisdiction over his IIED claim under 28 U.S.C. § 1367. *Id.* On July 3, 2014, Plaintiff filed this motion to remand. Doc. No. 7.

**LEGAL STANDARD**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." 28 U.S.C. § 1441(a).  To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  Any ambiguities are to be construed against removal, as the removal statute should be strictly construed in favor of remand.  *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

**DISCUSSION**

Plaintiff contends that FMLA claims originally filed in state court are not removable. Doc. No. 7.  Although it is clear that this Court has original jurisdiction over FMLA claims, Plaintiff argues that Congress intended for FMLA claims originally filed in state court to remain there.  *Id.*  Specifically, Plaintiff points to statutory language indicating that FMLA claims "may be maintained against any employer … in any Federal or State court of competent jurisdiction." *Id.* (citing 29 U.S.C. § 2617 (a)(2)).  Plaintiff asserts that the use of the word "maintained" suggests that Congress intended to bar removal of FMLA claims originally filed in state Court.

Plaintiff relies heavily on *Lloyd v. Classic Chevrolet, Inc.*, No. 4:01-CV-896, 2002 WL 989470 (Jan. 31, 2002, N.D. Tex).  In *Lloyd*, the Court found that FMLA cases are not

removable on the basis of the statutory "may be maintained in state court" language. *Id. Lloyd* rested on the fact that other courts had been interpreting similar language in the Fair Labor Standards Act ("FLSA") as indicative of Congress' intent to preclude removal of those claims. *Id.* (citing *Johnson v. Butler Bros.*, 162 F.2d 87 (8th Cir. 1947). Noting that its order granting a motion to remand was unreviewable on appeal, the Court in *Lloyd* was "persuaded that the opinions denying removal are correct," and thereby remanded the case. *Id.*

Plaintiff's reliance on *Lloyd* is misguided. In 2003, the Supreme Court held that the FLSA's "may be maintained in state court" language was merely a grant of concurrent jurisdiction to state courts and did not expressly preclude removal. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) (noting that "the word 'maintain' enjoys a breadth of meaning that leaves its bearing on removal ambiguous at best"). Thus, the cases that *Lloyd* relied upon have been overturned by the Supreme Court, rendering it less than persuasive authority. Although *Bruer* dealt only with the FLSA, it is difficult to see how the same statutory language in the FMLA could be interpreted to preclude removal when it does not in the FLSA. *See Conine v. Universal Oil Prod. Co.*, CIV.A. 05-2011, 2006 WL 681180 (W.D. La. Mar. 14, 2006) (finding that in light of *Bruer* FMLA cases are clearly removable). In addition, the Fifth Circuit routinely affirms judgments in FMLA cases that were removed from state to federal court. *See e.g., Lubke v. City Of Arlington*, 455 F.3d 489, 494 (5th Cir. 2006); *Burton v. Buckner Children & Family Services, Inc.*, 104 F. App'x. 394, 395 (5th Cir. 2004). Although these cases do not analyze the removability of FMLA claims, the fact that they all deal with the merits of such cases strongly suggests that these cases are in fact removable.

The text of the removal statute provides for removal of federal question cases unless Congress has "expressly" precluded removal. 28 U.S.C. § 1441(a). While the "may be maintained" language in the FMLA establishes concurrent jurisdiction over FMLA claims, it is a stretch to say that this phrase "expressly" precludes removal. On the contrary, 28 U.S.C. § 1445 expressly precludes removal in certain discrete categories of cases. Notably, FMLA claims are not listed therein. If Congress had intended to divest the federal courts of removal jurisdiction over certain federal claims, it would have done so in a more explicit manner.

Plaintiff further argues that the Court lacks supplemental jurisdiction over his IIED claim because, he alleges, the Court does not have "original jurisdiction" over his FMLA claim. Doc. No. 7 at 4. The Court plainly has original jurisdiction over an FMLA claim, which by its very terms can be filed in federal court. *See* 29 U.S.C. § 2617 (a)(2)). As a result, many FMLA cases are originally filed in federal court because these courts have original jurisdiction over FMLA claims. In fairness to Plaintiff, had the Court agreed with him that Congress had precluded removal of FMLA claims, then it is likely that supplemental jurisdiction would not exist over the IIED claim. However, inasmuch as the Court finds that the FMLA claim has been properly removed, the IIED claim, which arises from the same nucleus of operative facts, is appropriately the subject of this Court's supplemental jurisdiction under 28 U.S.C. § 1367. *See Griffin v. Lee*, 621 F.3d 380, 385 (5th Cir. 2010) (describing supplemental jurisdiction).

## CONCLUSION

In light of the foregoing analysis, the Plaintiff's motion to remand is DENIED. Doc. No. 7.

SIGNED this 16th day of July, 2014.

                                                       XAVIER RODRIGUEZ
                                                       UNITED STATES DISTRICT JUDGE